UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MT. HAWLEY INSURANCE COMPANY,

                    Plaintiff,

      -against-

ERIGERE RAPIDUS SOLUTIONS, INC.,

                    Defendant.
-----------------------------------------------------------x

Case No.: 24-CV-006987 (GHW)

**PROPOSED DEFAULT JUDGMENT ORDER**

On the below date, the Court considered the Motion for Default Judgment of plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley") against defendant, Erigere Rapidus Solutions, Inc. ("ERS").  The Court Clerk issued a Certificate of Default on November 25, 2024. After considering the Court's file, proof of service, and the grounds for judgment, the Court GRANTS the Motion for Default Judgment. This Court finds that:

1.     Mt. Hawley issued a commercial general liability policy to ERS, bearing policy number PGA0005046, which was in effect from October 6, 2021 to October 6, 2022 (the "Policy").

2.     The Policy's Declarations Page lists the Classification as "Security and Patrol Agencies."  *See*, Exhibit "10" at Declarations.

3.     The Policy contains a forum and choice-of-law provision that stipulates that New York law governs, "[a]ll matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules). *See*, Exhibit "10" at Service of Suit and Conditions Endorsement, RIL 099 (06/21).

4.     The Policy's insuring agreement, at Coverage A, Bodily Injury and Property Damage Liability, states that, "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." *See*, Exhibit "10" at Coverage A, 1. Insuring Agreement, ¶a.

5.    The Policy states that "Property damage" means: "**a**. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or **b**. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it." *See*, Exhibit "10" at Section IV – Definitions, ¶17.

6.    The Policy contains the "Damage to Property" exclusion which states that:

> **2.    Exclusions**
>
> This insurance does not apply to:
>
> ***
>
> **j.    Damage To Property**
>
> "Property damage" to:
>
> ***
>
> (4) Personal property in the care, custody or control of the insured;

*See*, Exhibit "10", at Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions, ¶j(4).

7.    The Policy contains an endorsement entitled "Breach of Contract Exclusion", which states that:

This insurance does not apply, nor do we have a duty to defend any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" arising directly or indirectly out of the following:

**a.**    Breach of express or implied contract;

**b.**    Breach of express or implied warranty;

**c.**    Fraud or misrepresentation regarding the formation, terms or performance of a contract; or

**d.**    Libel, slander or defamation arising out of or within the contractual relationship.

*See*, Exhibit "10" at "Breach of Contract Exclusion" endorsement, CGL 350 (08/09).

8.    The Policy contains an endorsement entitled "Care, Custody or Control and Property Damage Amendment", which states:

**SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, **2. Exclusions**, Paragraph **j. Damage To Property** is amended by adding the following:

Paragraphs **(4)**, **(5)** and **(6)** do not apply to "property damage" to the property of others in your care, custody and control arising out of any unintentional direct contact or action to such property by any insured or anyone else you are legally responsible for.

However, this exception does not apply to:

**(a)**    Your armored car operations;

**(b)**    Property damage" arising out of "your work" for an individual or entity that conducts business in any way related to or involving "cannabis" or "cannabis-related products";

**(c)**    "Property damage" to "cannabis" or "cannabis-related products"; or

**(d)**    "Property damage" to any real or personal property in any way related to the design, cultivation, manufacture, storage, processing, packaging, handling, testing, distribution, sale, serving, furnishing, possession, transport of, or disposal of "cannabis" or "cannabis-related products".

"Cannabis" means all parts of the plant species Cannabis sativa, Cannabis indica, Cannabis ruderalis, or any sub-species thereof, and, whether growing or not, the seeds thereof; the resin, whether crude or petrified, extracted from any part of the plant; every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. "Cannabis" also means the separated resin, whether crude or purified, obtained from "cannabis".

"Cannabis-related products" means any compound, concentrate, extract, material, mixture, preparation or product containing any quantity of "cannabis" or any drug paraphernalia that is used, or designed to be used, with "cannabis" in any form.

*See*, Exhibit "10" at "Care, Custody or Control and Property Damage Amendment" endorsement, SGL307 (03/21).

9.    The Policy contains an endorsement entitled "Classification Limitation" which states:

The following limitation is added to Coverage **A**, **B** and **C** (Section **1**):

This insurance does not apply to and no duty to defend is provided for "bodily injury," "property damage," "personal and advertising injury" or medical payments for operations which are not classified or shown on the Commercial General Liability Policy Declarations, its endorsements or supplements.

*See*, Exhibit "10" at "Classification Limitation" endorsement, SGL 304 (10/12).

10.    The Policy contains an endorsement entitled "Exclusion – Specific Work", which states:

The following exclusion is added to Paragraph **2. Exclusions** of **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2. Exclusions** of **COVERAGE B PERSONAL AND ADVERTISING INJURY** (Section **I** – Coverages):

**Specific Work**

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the specific work listed in the **Schedule** below, regardless of whether such specific work is conducted by you or on your behalf or whether the specific work is conducted for yourself or for others.

This exclusion also applies even if other causes contribute to or aggravate the "bodily injury," "property damage" or "personal and advertising injury."

**SCHEDULE**

**Description Of Specific Work:**

Any and all operations other than security at dispensaries, pharmacies, growing facilities, stash houses or bakeries involved with the sale, manufacture or distribution of cannabis whether legalized, medical or otherwise.

\* \* \*

Any and all operations involving ESCORT/TRANSPORT/COURIER WORK.

\*\*\* THIS POLICY WILL ONLY AFFORD COVERAGE TO CANNABIS CLIENT LOCATIONS ON FILE AND APPROVED BY RLI \*\*\*

*See*, Exhibit "10" at "Exclusion – Specific Work" endorsement, SGL 312 (10/12).

11.    The Policy contains an endorsement entitled "Exclusion – Non-Security Related Activities", which states:

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of any work, activities, operations or completed operations other than "security related activities."

For the purposes of this endorsement, "security related activities" shall include those activities performed by your employees whose principle role is to serve in a security capacity to protect persons or property from injury or damage.

*See*, Exhibit "10" at "Exclusion – Non-Security Related Activities" endorsement, SGL 316 (03/13).

12.    ERS has sought defense and indemnity from Mt. Hawley under the foregoing Policy in connection with the lawsuit captioned *Parke Bank v. Erigere Rapidus Solutions Inc., Richard Eisler, Patricia Kraus a/k/a Patricia Eisler, Rich Eisler LLC, Shiv Krupa Cash Services LLC, Biren Patel, Disturbed Transportation LLC, Sam Keborkian Sr., Keworkian and Son, RJS Property Management LLC, Ryan Smith, Lauren Smith, J-Rich Concrete and Excavating LLC, John and Jane Does 1-10, ABC Corp 1-10, Robert Cormier*, Docket No. GL-L-217-23, pending in the Superior Court of New Jersey, Chancery Division, Gloucester County (the "Underlying Action");

13.    Because the Underlying Action involves claims against ERS arising from the theft of money – i.e. intangible property – the claims do not seek damages because of "property damage" and do not fall within the Policy's insuring clause and, as such, there is no coverage for the Underlying Action under the Policy;

14.    Because the Underlying Action involves claims against ERS arising from ERS' breach of the Transit Agreement entered into with Parke Bank ("Parke"), the claims are excluded by the Policy's "Breach of Contract Exclusion" endorsement and, as such, there is no coverage for the Underlying Action under the Policy;

15.    Because the Underlying Action is predicated on ERS' control over the personal property of Parke at the time of the theft, the claims are excluded by the Policy's "Damage to Property" exclusion and, as such, there is no coverage for the Underlying Action under the Policy;

16.    Because the Underlying Action arises from ERS' activities in transporting and storing money for Parke, ERS' liability does not result from either security or patrol and, as such, the claims are excluded by the Policy's "Classification Limitation" endorsement and there is no coverage for the Underlying Action under the Policy;

17.    Because the Underlying Action involves claims against ERS that are unrelated to its security services at a dispensary, pharmacy, growing facility, stash house or

bakery involved in the sale, manufacture or distribution of cannabis, and because the Underlying Action involves claims against ERS arising from its escort, transport or courier work on behalf of Parke, the claims are excluded by the Policy's "Exclusion – Specific Work" endorsement and, as such, there is no coverage for the Underlying Action under the Policy.

Accordingly, it is:

1. **ORDERED, ADJUDGED AND DECREED**: that Mt. Hawley's motion for a default judgment is **GRANTED** and the following relief is hereby entered against ERS and in favor of Mt. Hawley: Pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. Rule 57, the Court hereby declares that, under commercial general liability policy number PGA0005046 issued by Mt. Hawley to ERS for the period from October 6, 2021 through October 6, 2022, for the reasons stated in the papers submitted in support of Mt. Hawley's motion for a default judgment and as set forth herein, Mt. Hawley does not owe any duty to defend or indemnify ERS in connection with the Underlying Action. Mt. Hawley does not owe coverage with respect to the Underlying Action.

**SO ORDERED**: this ___ day of _____, 2024.

_____
**GREGORY H. WOODS**
**UNITED STATES DISTRICT JUDGE**