UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                   :

MT. HAWLEY INSURANCE COMPANY,    :

                  Plaintiff,    :

                      :          24-CV-06987 (JAV)

    -v-    :

                      :        <u>OPINION AND ORDER</u>

ERIGERE RAPIDUS SOLUTIONS, INC.,    :

                Defendant.    :

------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court are two motions: (i) a motion for default judgment by Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") seeking declaratory relief against Defendant Erigere Rapidus Solutions, Inc. ("ERS"), ECF Nos. 23-24 , and (ii) a motion to intervene by Proposed Intervenor-Defendant Parke Bank ("Parke"), ECF No. 34, averring that Mt. Hawley's litigation in this Court is an attempt to circumvent pending litigation in New Jersey.  For the following reasons, Parke's motion to intervene as of right is GRANTED, and Mt. Hawley's motion for default judgment is DENIED.

## BACKGROUND

### A.    Procedural History

On September 16, 2024, Mt. Hawley filed the complaint in this action, seeking a declaratory judgment that it has no duty to defend or indemnify ERS under the commercial general liability policy at issue in a state court action commenced by Parke in the Superior Court of New Jersey, Chancery Division,

Gloucester County ("the New Jersey Superior Court") against ERS and others.  ECF No. 1 ("Complaint" or "Compl."); *Parke Bank v. Erigere Rapidus Solutions, Inc.*, No. GLO-L-217-23 (N.J. Super. Ct. Law Div. Gloucester Cnty.) (the "Underlying Action"). [1]  On October 17, 2024, Mt. Hawley served the Complaint on ERS through its Assistant Director Brad Fisher.  ECF No. 11 at 1.  On November 18, 2024, Mt. Hawley wrote a letter to the Court indicating that ERS had not yet appeared.  ECF No. 12 at 1.  Mt. Hawley subsequently filed a proposed Certificate of Default.  ECF No. 15.  On November 25, 2024, the Clerk of Court entered a Certificate of Default. ECF No. 18.  On December 16, 2024, in the absence of any response to the Complaint from ERS, *see* ECF No. 24 at 1, Mt. Hawley filed a default judgment motion, ECF No. 23.  This Court subsequently scheduled a show cause hearing on that motion for February 12, 2025.  ECF No. 27.

On January 28, 2025, however, Parke filed a motion to intervene pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure.  ECF No. 34 at 1; ECF No. 34-1 at 1.  The Court consolidated a hearing on that motion with the scheduled hearing on Mt. Hawley's motion for default judgment.  ECF No. 36.  The Court ultimately stayed default judgment proceedings against ERS pending resolution of Parke's motion to intervene.  ECF No. 41.

---

[1] The case received its current docket number, GLO-L-217-23, after being transferred from the Chancery Division of Gloucester County Superior Court, Dkt. No. GL-C-48-22, to the Law Division on February 17, 2023.  Compl., ¶¶ 11-12.

**B.    The Underlying Action**

On October 10, 2022, Parke commenced the Underlying Action against ERS. ECF No. 34-5 at 6.  Parke is a depository institution for multiple cannabis dispensaries.  ERS is an armored car cash delivery service with which Parke had contracted to pick up, store, and deposit funds generated by those dispensaries with the Federal Reserve Bank in Philadelphia.  *Id.*, ¶¶ 2, 4-7, 65.  Parke sued after suspecting ERS of embezzling those funds.  *See id.*, ¶¶ 10, 19.

After ERS appeared in the Underlying Action, it informed Parke that Parke's cash had been stolen by a former ERS employee, Richard Eisler ("Eisler").  ECF No. 1-5 ("Fourth Amended Complaint" or "FAC"), ¶¶ 3, 23.  Parke subsequently amended its complaint to, *inter alia*, add defendants Eisler and his wife Patricia Kraus a/k/a Patricia Eisler (collectively, "the Eislers").  Compl., ¶¶ 9-27 (summarizing history of amended complaints in Underlying Action); FAC, ¶ 3.  The FAC is the operative complaint in the Underlying Action and alleges that the Eislers used money stolen from Parke to fund an illegal cannabis-growing-and-selling operation and to purchase assets for themselves and others.  FAC, ¶¶ 30-31. On February 16, 2024, the New Jersey Superior Court granted Parke's motion for partial summary judgment against ERS and the Eislers, finding that (i) ERS was liable to Parke for breach of contract in the amount of $9,517,340, (ii) ERS and the Eislers were liable to Parke for conversion and negligent hiring/retention in the amount of $9,517,340, and (iii) all three defendants were jointly and severally liable for $9,517,340.  ECF No. 34-16, ¶¶ 1-3 (partial summary judgment against ERS).

On February 22, 2024, Parke commenced a separate New Jersey state court action against ERS and its insurers, including Mt. Hawley, to enforce the insurers' coverage of ERS's liability under their respective policy agreements (the "Insurance Action").[2]  ECF No. 34-6 at 1-6.  Parke identified itself as a third-party beneficiary of ERS's commercial general liability policy, which was issued by Mt. Hawley and has policy limits of $1 million and a general aggregate limit of $2 million.  *See id.*, ¶¶ 35, 37.  Parke also contested Mt. Hawley's denial of coverage to ERS under that policy for Parke's claim on or about December 12, 2022.  *Id.*, ¶¶ 38-40.  On May 24, 2024, the Insurance Action was consolidated with the Underlying Action.  ECF No. 37-5 at 1-2.

On August 19, 2024, the New Jersey Superior Court denied a motion to vacate its February summary judgment order.  Underlying Action, trans. ID LCV20242035637.  That same day, the New Jersey Superior Court also denied a motion to dismiss filed by Mt. Hawley.  The Underlying Action, trans. ID LCV20242035593.  On September 9, 2024, exactly one week before filing the instant federal suit, Mt. Hawley filed for reconsideration of the denial of its motion to dismiss, ECF No. 37-8 at 2-3, which the New Jersey Superior Court rejected on October 2, 2024, ECF No. 37-9 at 2-3.

Parke attests that it was not until January 23, 2025, that it learned of this federal lawsuit, in which Mt. Hawley already had pending a default judgment

---

[2] *Parke Bank v. Erigere Rapidus Solutions, Inc.*, No. GLO-L-000227-24 (N.J. Super. Ct. Law Div. Gloucester Cnty.).

against ERS.  ECF No. 34-3 ("Santagata Decl."), ¶ 2.  On January 28, 2025, Parke

thus moved for sanctions in the Underlying Action against Mt. Hawley for its

failure to disclose its "secret litigation in federal court."  ECF No. 34-4 ("Sanctions

Br.") at 2.  In that motion, Parke recites the procedural history as follows:

> Before filing an answer, and after the [Underlying Action] Court had
> denied the motion to dismiss, Mt. Hawley commenced a secret
> litigation in federal court in the Southern District of New York
> attempting to litigate the same subject matter of this consolidated
> litigation: Mt. Hawley's coverage for Defendant Erigere Rapidus
> Solutions's ("ERS["]) and ultimately Plaintiff Parke Bank's ("Parke")
> losses under ERS'[s] insurance policy with Mt. Hawley.  It is clear that
> Mt. Hawley filed the secret litigation after receiving a negative ruling
> on its motion to dismiss.  At no point has Mt. Hawley disclosed the
> secret litigation, as required by [N.J. Ct.] R. 4:5-1(b)(2).

*Id*. at 2 (emphasis omitted).  Accordingly, Parke moved in the Underlying Action for

(i) enforcement of any judgments in the New Jersey state court litigation that are

contrary to any that Mt. Hawley receives in its federal suit, and (ii) attorneys' fees

and costs against Mt. Hawley.  Underlying Action, trans. ID LCV2025210171 at 3-4

("Proposed Order").  On February 28, 2025, the New Jersey Superior Court granted

in part and denied in part Parke's motion, awarding attorneys' fees but declining to

apply issue preclusion.  Underlying Action, trans. ID LCV2025489472 ("Sanctions

Order").  It held that Mt. Hawley violated N.J. Ct. R. 4:5-1(b)(2) by failing to

disclose its federal suit and that Parke is owed all attorneys' fees arising from this

second New York action, reasoning that "while this Court could have sorted out

issues such as *forum conveniens* and choice of law, the approach taken by Mt.

Hawley to force Parke to another Court was not done by complying with the rules

but instead by avoiding them," and therefore "the potential for conflicting rulings is

5

also now possible." *Id.* at 4 (cleaned up).  That court declined, however, to impose a ruling contrary to any in the federal action, as "Mt. Hawley is entitled to a fair determination of the issue of whether it must provide defense and coverage." *Id.*

## LEGAL STANDARDS

The Second Circuit has described intervention as "a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)).  "Rule 24 of the Federal Rules of Civil Procedure strikes this balance by providing potential intervenors with two ways to intervene: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b)." *Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF), 2020 WL 6586156, at *2 (S.D.N.Y. Nov. 10, 2020).  "Intervention as of right protects the interests of a party where its interest would be impaired absent intervention." *Id.* (citing *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 162 (S.D.N.Y. 2000)).  "Permissive intervention conserves judicial resources and streamlines litigation by allowing claims and defenses that share common questions of law or fact to be resolved in the same action." *Id.* (citing *Weller v. Actors' Equity Ass'n*, 93 F.R.D. 329, 330 (S.D.N.Y. 1981)).  Parke seeks to intervene under both provisions.

6

## A.    Intervention as of Right

"On timely motion, the Court *must* permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action[] and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2) (emphasis added).

Under Rule 24(a)(2), intervention as of right is granted when all four of the following conditions are met:

(1) the motion is timely;

(2) the applicant asserts an interest relating to the property or transaction that is the subject of the action;

(3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and

(4) the applicant's interest is not adequately represented by the other parties.

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).

"Failure to satisfy any one of these four requirements is a sufficient ground to deny the application."  *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (cleaned up); *accord Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001).

## B.    Permissive Intervention

"When considering an application for permissive intervention, '[t]he court considers substantially the same factors' as when it considers intervention as of right under Rule 24(a)(2)."  *Girard St. Inv. Holdings LLC v. Petroleos de Venezeula,*

7

*S.A.*, No. 23-CV-10772 (JSR), 2024 WL 4556124, at *1 (S.D.N.Y. Oct. 23, 2024) (quoting *"R" Best Produce*, 467 F.3d at 240)).  In the context of permissive intervention, however, "district courts in the Second Circuit have recognized that the four factors should be considered as a whole, rather than focusing narrowly on any one of the criteria, and that application of the factors is flexible and discretionary."  *Bldg. & Realty Inst. of Westchester & Putnam Cntys., Inc. v. State of New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *5 (S.D.N.Y. Sep. 23, 2020) (cleaned up).  The court also "must consider whether granting permissive intervention will unduly delay or prejudice the adjudication of the rights of the existing parties."  *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (cleaned up); *see* Fed. R. Civ. P. 24(b)(3).

## DISCUSSION

The parties' briefing primarily addresses Parke's entitlement to file a motion to dismiss in this case if the Court grants its motion to intervene, which is unopposed by Mt. Hawley.  *See* ECF No. 34-1 ("Interv. Mem.") at 4-6; ECF No. 38 ("Opp'n Mem.") at 1; ECF No. 39 ("Reply") at 1.  The Court addresses Parke's motion to intervene and Mt. Hawley's motion for default judgment in turn.

### A.    Intervention as of Right

Mt. Hawley initiated this federal declaratory judgment action against its insured, ERS, to adjudicate the terms of its insurance policy (the "Policy") and thereby avoid liability for any part of Parke's $9,517,340 judgment against ERS. Parke seeks to intervene as of right in this action because it claims entitlement to

8

all proceeds from the Policy, if any, and is already litigating Mt. Hawley's liability

for ERS's losses in the Underlying Action.  *See* Interv. Mem. at 1, 4.  From this set

of facts, it is not difficult to deduce that Parke is entitled to intervene as of right in

this action.

     **1.**    **Timeliness**

Parke easily satisfies the first prong of the Rule 24(a)(2) test.  Factors to

consider in determining timeliness include:

> (a) the length of time the applicant knew or should have known of [its] interest before making the motion;
>
> (b) prejudice to existing parties resulting from the applicant's delay;
>
> (c) prejudice to [the] applicant if the motion is denied; and
>
> (d) [the] presence of unusual circumstances militating for or against a finding of timeliness.

*MasterCard*, 471 F.3d at 390 (quoting *United States v. State of New York*, 820 F.2d

554, 557 (2d Cir. 1987)).  Parke attests, and Mt. Hawley does not dispute, that it

learned of Mt. Hawley's "secret litigation in federal court" just five days before it

moved to intervene.  Sanctions Br. at 2, 4; *see* Santagata Decl., ¶ 2; *see generally*

Opp'n Mem.  Given that Mt. Hawley commenced this litigation without disclosure to

Parke while the Underlying Action proceeded, Sanctions Order at 2, the length of

time Parke knew or should have known of its interest before making the motion to

intervene was effectively zero.  These unusual circumstances militate in favor of a

finding of timeliness, and Parke would be highly prejudiced if its motion was denied

considering its underlying interest.

9

2.    **Interest**

"Under Rule 24(a)(2), the proposed intervenor must have a 'direct, substantial, and legally protectable' interest in the subject matter of the action." *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (quoting *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).  In other words, "intervention cannot be used as a means to inject collateral issues into an existing action."  *Id.* (cleaned up).

Here, Parke has a direct, substantial, and legally protectable interest in the property at the heart of this action: the insurance proceeds that Mt. Hawley denies are due to ERS in connection with the judgement granted in Parke's favor against ERS in the Underlying Action.  These facts are roughly analogous to *Pereira v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, in which the litigants included: (1) parties subject to a money judgment in an underlying action (roughly analogous to ERS), (2) those parties' insurers claimed lack of coverage (roughly analogous to Mt. Hawley), and (3) proposed intervenors asserting entitlement to any insurance proceeds associated with the underlying money judgment (roughly analogous to Parke).  No. 04-CV-1134 (LTS), 2006 WL 1982789, at *9 (S.D.N.Y. July 12, 2006).  In *Pereira*, Judge Swain concluded that because "the Intervenors ha[d] a direct interest in property that is the subject of the instant action[—]namely, the insurance proceeds being sought by Plaintiff under Defendants' policies in connection with a judgment against [officers and directors of the company for which Plaintiff is a trustee]," the interest requirement for mandatory intervention under

Rule 24(a)(2) was satisfied. *Id.* The same is true here. Parke's interest in this case is sufficiently direct to warrant the New Jersey Superior Court to (i) deny Mt. Hawley's motion to dismiss Parke's third-party beneficiary complaint, Underlying Action, trans. ID LCV20242035593 at 2, and (ii) sanction Mt. Hawley for initiating a federal action that creates "potential for conflicting rulings," Sanctions Order at 2. Finally, Mt. Hawley does not cite a single fact or case to dispute Parke's interest. *See generally* Opp'n Mem.

### 3.    Impact of Disposition

Without intervention, "disposing of th[is] action may as a practical matter impair or impede [Parke's] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). The New Jersey Superior Court has concluded as much—a disposition in this case will not only impact Parke's right to collect from Mt. Hawley on its judgment against ERS in the Underlying Action, but it may also directly conflict with state court rulings concerning the Policy at issue. Sanctions Order at 3-4.

### 4.    Adequate Representation

Given that the only other defendant in this case, ERS, has failed to make an appearance in this action and had a pending default judgment against it at the time Parke proposed to intervene, it can hardly be argued that Parke is otherwise represented in the instant suit. Accordingly, Parke has satisfied all requirements for its motion to intervene as of right.

**B.      Permissive Intervention**

Even if Parke had not satisfied the requirements to intervene as of right, the Court would nonetheless grant the motion to intervene under Rule 24(b).  Parke clearly has a claim or defense that shares a common question of law or fact with the main action.  Moreover, permitting Parke's permissive intervention will not "unduly delay or prejudice the adjudication of the rights of the existing parties."  *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) (cleaned up).

**C.      Parke's Prospective Motion to Dismiss**

Mt. Hawley spends the entirety of its memorandum in opposition to Parke's motion arguing that, if permitted to intervene, Parke should not be permitted to move for dismissal of this action.  *See* Opp'n Mem at 1-14.  But Rule 24(a) does not impose conditions on the nature of Parke's involvement in this litigation once it has established it can intervene as of right to protect its interests.  *See* Fed. R. Civ. P. (24)(a).  The cases Mt. Hawley cites, which all contemplate permissive intervenors, are inapposite.  Opp'n Mem. at 6.  As an intervenor-defendant under Rule 24(a)(2), Parke's right to file a responsive pleading is no more constrained than any other defendant's under Rule 12.  Fed. R. Civ. P. 12.

**D.      Mt. Hawley's Motion for Default Judgment**

As a party has now appeared to defend against Mt. Hawley in this declaratory judgment action, and Intervenor-Defendant Parke would face significant prejudice were the Court to enter judgment against ERS, Mt. Hawley's pending motion is denied.  *See, e.g., United States v. Starling*, 76 F.4th 92, 99 (2d

12

Cir. 2023) ("a court's discretion to grant default judgment is circumscribed as a reflection of our oft-stated preference for resolving disputes on the merits" (cleaned up)).

## CONCLUSION

Accordingly, Parke's motion to intervene is GRANTED, and Mt. Hawley's motion for default judgment is DENIED.  The Clerk of Court is directed to terminate ECF Nos. 23 and 34.

SO ORDERED.

Dated:  March 2, 2026
　　　New York, New York

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
JEANNETTE A. VARGAS
United States District Judge

13